MARY McBRIDE, Administratrix, etc., Appellant, *v.* THE AMERICAN SURETY COMPANY, Respondent.

*Answer containing a denial and setting up new matter — demurrer to the entire answer.*

When an answer contains denials of material allegations in the complaint together with averments of new matter as a defense, a demurrer to the entire answer, instead of to the new matter only, on the ground that it does not set up a defense, is unauthorized and should be overruled.

This is so, although the new matter alleged as a defense arose subsequent to the commencement of the action, and the plaintiff's attorney might have declined to receive the answer on that ground.

APPEAL by the plaintiff, Mary McBride, administratrix *de bonis non* of the estate of Bridget Murray, deceased, from an interlocutory judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 29th day of April, 1893, upon a decision of the court at the New York Special Term, overruling the plaintiff's demurrer to the defendant's amended and supplemental answer.

*H. G. Harris*, for the appellant.

*Henry C. Wilcox*, for the respondent.

PARKER, J.:

Plaintiff's predecessor in administration was by decree of the Surrogate's Court directed to pay to the plaintiff $204.18, and to deliver to her all other property in her hands as administratrix. She failed to comply with the decree, and the plaintiff by this action sought to recover the money adjudged to be in her hands from the surety on her official bond, this defendant. Subsequent to the granting of the decree, which lies at the foundation of this action, the Surrogate's Court, on notice to plaintiff, so amended it as to direct the deposed administratrix, or her surety, this defendant, to deposit said sum with the chamberlain of the city of New York, instead of paying it to the plaintiff, as was originally provided, and providing that upon such deposit the administratrix and her surety should be released from all liability on the bond. Thereafter defendant answered the complaint, denying certain material allegations; alleging an amendment of the decree in the respects already briefly alluded to; averring a deposit with the city chamberlain in compliance therewith, and demanding a dismissal of the complaint, with costs.

At the time of the service of the answer, therefore, the only subject of controversy remaining was whether the plaintiff or the defendant should recover costs of the action. That controversy must necessarily have resulted in favor of the plaintiff, had her attorney declined to receive the answer, on the ground that in it was alleged a defense which had arisen subsequent to the commencement of the action, thus putting the defendant to its motion for leave to serve what it described in its answer as " an amended and

supplemental pleading." On that motion the court could, and doubtless would, have imposed, as a condition of its service, the payment of plaintiff's costs of the action up to that time. Instead, the plaintiff pleaded, by way of demurrer, as follows:

" The plaintiff in the above action demurs to the answer of the defendant therein, upon the ground that the said answer does not set up a defense to the plaintiff's complaint."

The demurrer was, therefore, to the entire answer, which contained denials of material allegations in the complaint, as well as averments of new. matter, and was unauthorized. (*Nichols* v. *Lumpkin*, 51 Super. Ct. 88.)

The Code authorizes a demurrer "to a counterclaim or a defense consisting of new matter contained in the answer, on the ground that it is insufficient in law upon the face thereof." (Code Civ. Pro. § 494.) And had the plaintiff demurred specifically to the new matter, the question would have been presented whether it was sufficient in law to constitute an affirmative defense. As she did not, we need not inquire further.

The interlocutory judgment should be affirmed.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Interlocutory judgment affirmed.